1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

TERRY D. JONES,

Plaintiff,

v.

ZEE LAW GROUP; COLLECT ACCESS, LLC; TAPPAN ZEE; and DOES 1 through 30 inclusive,

Defendants.

Case No.: 2:22-cv-08065-MEMF-ASx

**ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, AND DENYING DEFENDANTS' SPECIAL MOTION TO STRIKE [ECF NOS. 34, 37]**

12
13
14
15
16
17
18
19
20

Before the Court is a Motion to Dismiss Complaint, Request for Judicial Notice, and Anti-SLAPP Motion to Strike filed by Defendants Zee Law Group, Tappan Zee, and Collect Access, LLC. ECF No. 34. Plaintiff Terry D. Jones has also filed a Request for Judicial Notice. ECF No. 37. For the reasons stated herein, the Court GRANTS both Requests for Judicial Notice, GRANTS IN PART the Motion to Dismiss, and DENIES the Special Motion to Strike.

/ / /
/ / /
/ / /
/ / /

1

**BACKGROUND**

I.      **Factual Background**[1]

Plaintiff Terry D. Jones ("Jones") was sued in Los Angeles County small claims court in approximately 2002. *See* Compl. ¶¶ 15–19 (describing the "State Action").

The State Action was initially brought against "Dewayne, Jones Terry," rather than Jones's correct name. *Id.* ¶ 17. The Court entered judgment against Jones (under the incorrect name) on or around June 17, 2002 (the "Judgment"). *Id.* In or around 2011, the State Action plaintiff changed the name of the State Action plaintiff to Jones's correctly spelled name. *Id.*

Jones only became aware of the State Action in October 20, 2021 when he received an Abstract of Judgment in the mail from the County Recorder's Office (the "October Abstract"). *Id.* ¶¶ 14, 15. The Judgment, originally entered in 2002, was renewed on November 21, 2011, and again on May 10, 2021. *Id.* ¶¶ 14, 16, 17.

Prior to October 20, 2021, Jones had no knowledge of the State Action or any judgment rendered against him, and had never been served any notice of the original Judgment nor subsequent renewals. *Id.* ¶¶ 15, 18, 19. All the filings in the State Action from 2011 to 2020 were mailed to an address to which Jones had not been residing at the time of the filings. *Id.* ¶ 20.

On November 21, 2011, Defendant Tappan Zee ("Zee"), as an attorney of record for assignee Union Adjustment Co., Inc., unlawfully signed and filed a Memorandum of Costs which added $875.00 to the judgment from the State Action for attorneys fees. *Id.* ¶ 21. Defendants[2] also inappropriately filed a Memorandum of Costs on May 10, 2021, adding $30 for "Investigation Rpt fee." *Id.* ¶ 22.

---

[1] The following factual background is derived from the allegations in Plaintiff Jones's Complaint, ECF No. 1 ("Complaint"), except where otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

[2] The Complaint does not specify a specific defendant for these actions, rather attributing these acts to "Defendants" generally. The Defendants are Zee, an attorney and debt collector, Zee Law Group, a debt collection business, and Collect Access LLC, a debt collection business. *Id.* ¶¶ 9-11.

On July 12, 2021, Defendants had the state court issue an Abstract of Judgment in the amount of $5,412.69 and recorded it. *Id.* ¶ 23.[3] This amount is incorrect and overstated. *Id.* Defendants refused to vacate the Judgment, even after being contacted by Jones's attorney who requested information, documents, and authority on the improper fees and costs, and requested Defendants vacate the Judgment and dismiss the case. *Id.* ¶ 24.

Jones filed a motion to vacate the Judgment from the State Action, which was heard on July 15, 2022. *Id.* The motion to vacate was granted and the Judgment from the State Action was vacated. *Id.*

## II.   **Procedural History**

On November 4, 2022, Jones filed suit in this Court against Zee Law Group, Tappan Zee, and Collect Access, LLC (collectively, "Defendants") alleging causes of action for: (1) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) Violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); and (3) Unfair Business Practices under the California Unfair Competition Law (the "UCL").

On May 1, 2023, Defendants filed a Motion to Dismiss Complaint Pursuant to FRCP 12(B)(6) and a Motion to Strike State Law Claims Pursuant to Cal. Code of Civil Procedure § 425.16 with an attached Request for Judicial Notice. ECF No. 34 (the "Motion")[4]; ECF No. 34-3 ("Zee RJN"). Jones filed an opposition to the Motion on May 15, 2023, along with a Request for Judicial Notice. ECF No. 36 ("Opposition"); ECF No. 37 ("Jones RJN"). Defendants filed a reply in support of the Motion on May 22, 2023. ECF No. 38 ("Reply").

/ / /

/ / /

/ / /

---

[3] The Court notes that while the Complaint discusses a July 12, 2021 Abstract of Judgment, neither party mentions a July Abstract in their briefing. Rather, in the Opposition, Jones focuses on the October Abstract as well as an Abstract of Judgment that was recorded on December 15, 2021 (the "December Abstract"). *See* Opposition at 4–5; Jones Exhibit 5. Jones represents that he can add allegations related to the December Abstract if given leave to amend the Complaint. Opposition at 11.

[4] Defendants' Motion to Dismiss and Motion to Strike were filed together as one document.

1

## REQUESTS FOR JUDICIAL NOTICE (ECF NOS. 34-3, 37)

2

### I.   Applicable Law

3       A court may judicially notice facts that: "(1) [are] generally known within the trial court's

4  territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

5  cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially

6  notice "undisputed matters of public record," but generally may not notice "disputed facts stated in

7  public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), overruled on other

8  grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

9       On a motion to dismiss, courts are generally prohibited from "consider[ing] any material

10  beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011)

11  (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials

12  "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the

13  complaint—including documents that might otherwise be subject to judicial notice—may only be

14  considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's

15  claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450

16  F.3d 445, 448 (9th Cir. 2006)). Thus, public records may not be considered on a motion to dismiss

17  unless the complaint references the record, the record is central to the complaint, and its authenticity

18  is undisputed. *See Corinthian Colleges*, 655 F.3d at 998-99. A court considering a motion to dismiss

19  should not take judicial notice of material that cannot be considered for the motion. *See Lee*, 250

20  F.3d at 689.

21

### II.   Discussion

22          i.   Defendants' Request for Judicial Notice.

23       The Defendants request judicial notice of eleven attached exhibits (the "Zee Exhibits"). *See*

24  Zee RJN. Jones did not object to the Zee RJN or contest the authenticity of the Zee Exhibits.

25       The Zee Exhibits primarily relate to filings from the State Action, as well as one recording

26  with the Los Angeles County Recorder's Office. Specifically, the Exhibits are: (A) the Judgment

27  entered on June 17, 2002 in the State Action (ECF No. 34-4); (B) an Assignment of Judgment filed

28  on November 19, 2020 (ECF No. 34-5); (C) the October Abstract recorded on October 22, 2021

(ECF No. 34-6); (D) Jones's Motion to Vacate Judgment filed on February 14, 2022 ("First Motion to Vacate") (ECF No. 34-7); (E) Jones's declaration supporting the First Motion to Vacate (ECF. No. 34-8); (F) Minute Order on the First Motion to Vacate issued March 25, 2022 (ECF No. 34-9); (G) a substitution of attorney filed May 12, 2022 (ECF No. 34-10); (H) Jones's Motion to Vacate Judgment filed May 12, 2022 ("Second Motion to Vacate") (ECF No. 34-11); (I) Jones's declaration supporting the Second Motion to Vacate (ECF No. 34-12); (J) Minute Order on the Second Motion to Vacate (ECF No. 34-13); and (K) a request for dismissal filed on August 1, 2022 (ECF No. 34-14).

The Court will take notice of the Zee Exhibits in their entirety. The State Action is central to Jones's allegations, and its proceedings are referenced throughout the Complaint. Moreover, some of these documents are specifically referenced by the Complaint. *See, e.g.,* Compl. ¶¶ 20, 24 (referencing assignment of judgment and motion to vacate); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."). Accordingly, these documents are properly subject to judicial notice on a motion to dismiss.

          ii.   <u>Jones's Request for Judicial Notice.</u>

Jones requests judicial notice of six attached exhibits (the "Jones Exhibits"). *See* Jones RJN. Defendants did not object to the Jones RJN or contest the authenticity of the Jones Exhibits.

The Jones Exhibits similarly relate to filings from the State Action, as well as two recordings with the Los Angeles County Recorder's Office. Specifically, the Exhibits are: (1) the first renewal of Judgment filed November 21, 2011; (2) the Memorandum of Costs filed November 21, 2011; (3) the Memorandum of Costs filed May 10, 2021; (4) the second renewal of Judgment filed May 10, 2021; (5) the December Abstract recorded December 15, 2021; and (6) a Release of the December Abstract recorded August 19, 2022. ECF No. 37-1.

These documents are categorically similar to the Zee Exhibits, and the Court will take judicial notice of them for the same reasons as discussed above.

/ / /

/ / /

**MOTION TO DISMISS (ECF NO. 34)**

I.      **Applicable Law**

Defendants bring their motion pursuant to Federal Rules of Civil Procedure 12(b)(6). Rule 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

II.     **Discussion**

Defendants raise three main arguments in support of their Motion to Dismiss: (1) that Jones's FDCPA and RFDCPA claims are barred by the statute of limitations; (2) that Jones has not shown Defendants are "debt collectors" within the meaning of the FDCPA and RFDCPA statutes; and (3) that Jones's UCL claim does not adequately plead a claim. For the reasons discussed below, the Court finds that Jones has adequately pleaded his FDCPA and RFDPCA claims, but currently lacks

standing to proceed with a UCL claim. Accordingly, Defendants' Motion will be granted only as to the UCL claim.

### A. Jones's FDCPA & RFDCPA Claims Are Not Barred by the Statute of Limitations (First and Second Causes of Action)

i.   Jones's FDCPA claim is not time-barred.

The FDCPA has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought…within one year from the date on which the violation occurs."). As Plaintiff filed suit on November 4, 2022, barring an exception, liability can only stem from acts that occurred on or after November 4, 2021. The Complaint alleges that the specific violations of the FDCPA stem from Defendants' (1) failure to vacate the Judgment in the State Action after becoming aware that Jones was not properly served with it or any of its subsequent renewals; (2) addition of improper attorneys' fees to the Judgment; and (3) addition of improper costs to the Judgment. Compl. ¶¶ 32, 39. The allegations relating to the addition of improper fees and costs appear to be beyond the statute of limitations, as they occurred in May of 2021.[5] Jones Exhibits 3–4. However, Defendants recorded the December Abstract on December 15, 2021, which is within the applicable statute of limitations, and Jones also alleges that Defendants' continual refusal to release the October Abstract constitutes an ongoing violation. The Court finds that at least one act occurred after November 4, 2021 sufficient to constitute an independent violation of the FDCPA, which therefore triggers its own one-year statute of limitations. Accordingly, Jones's FDCPA claim is not time-barred.

The Ninth Circuit recently provided guidance on the statute of limitations pertaining to the FDCPA in *Brown v. Transworld Systems, Inc.*, __ F. 4th ___, 2023 WL 4536970 (9th Cir. July 14, 2023). In order to "determine whether a litigation act constitutes an independent violation of the FDCPA and thus has its own statute of limitations," the Court must consider "(1) the debt collector's

---

[5] While Defendants appear to apply the discovery rule—which would toll the statute of limitations until the actions were discovered—to actions prior to when Jones became aware of the Judgment in October of 2021, the Court notes that the discovery rule is inapplicable to FDCPA violations. *See Rotkiske v. Klemm*, 140 S. Ct. 355, 357 (2019) (holding that "§ 1692k(d)'s statute of limitations begins to run when the alleged FDCPA violation occurs, not when the violation is discovered").

1    last opportunity to comply with the statute and (2) whether the date of the violation is easily

2    ascertainable." *Id.* (deriving this test from *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997)).[6]

3         For the first factor of the *Naas* test, "[e]xamples of litigation-related acts that could

4    independently violate the FDPCA include a debt collector serving a request for admission of facts it

5    knows are false or filing an affidavit containing new information it knows to be false." *Id.* The

6    plaintiff must "allege 'specific actions' taken . . . that show 'more than another attempt to argue that

7    a violation arising from the filing of the debt-collection suit continues as long as the suit remains

8    pending.'" *Id.* "There is a difference between litigating a case and committing affirmative FDCPA

9    violations during that litigation," and this distinction is a "fact-intensive inquiry that requires a case-

10   by-case approach." *Id.* at *7, *9. In demonstrating this distinction, *Brown* held that the filing of an

11   affidavit was a "discrete event" that created a "last opportunity to comply," because it created a

12   "new basis—not contained in the complaint—to show that the Trusts owned the debts." *Id.* at *9.

13   Such a "last opportunity to comply" may form the basis of a new FCDPA claim. *See id.* Meanwhile,

14   mailing the lawsuit and arguing at the summary judgment hearing were "standard litigation events

15   that reasonably follow the commencement of a lawsuit," which did not constitute new violations. *Id*.

16        Here, the Court finds that Defendants' recording of the December Abstract, which Jones

17   alleges is incorrect and overstated, created a new "last opportunity to comply" with the FDCPA.[7]

18   Jones alleged that just a month prior to the recording, his attorney corresponded with Zee

19   questioning the allegedly improper fees and costs, pointing out the defective service, and requesting

20

21   _____

22   [6] Defendants argue that "[m]ere participation in ongoing debt collection litigation does not constitute a
     continuing violation of the FDPCA," relying on a Third Circuit case, *Schaffhauser v. Citibank (S.D.) N.A.*,

23   340 Fed. Appx. 128, 131 (3d Cir. 2009). Motion at 5. However, *Schaffhauser* merely declined to apply the
     continuing violations doctrine to the FDCPA, which is in line with *Brown. See Schaffhauser*, 340 Fed. Appx.

24   at 131. While Defendants' alleged acts after November 4, 2021, may not constitute *continuing* violations, they
     can nevertheless constitute *independent* violations of FDCPA, regardless of whether the actions are litigation-

25   related or otherwise related to enforcing the Judgment. *See Brown*, 2023 WL 4536970 at *7 (explaining that
     "certain post-filing litigation acts can constitute FDCPA violations" (citing *McCollough v. Johnson,*

26   *Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).
     [7] Although the allegations regarding the December Abstract are not in the Complaint, the Court takes judicial

27   notice of the December Abstract and notes that it is for the same amount that Jones alleged in the Complaint
     was "incorrect and overstated" in the July Abstract ($5,412.69). Jones Exhibit 5; Compl. ¶ 23. Drawing all

28   inferences in favor Jones, which the Court must, the Court finds that Jones alleged that the December
     Abstract was incorrect.

1  the Judgment to be vacated. Compl. ¶ 24.[8] The Court finds that an affirmative recording of an

2  improper judgment, with clear reason to know that it was improper, would create a new last

3  opportunity to comply. In *Brown*, the Ninth Circuit held that filing a complaint can be an

4  independent violation from serving the complaint because "it requires an affirmative step forward,"

5  and "a debt collector could learn new information about the validity of the case or decide against

6  filing for any number of reasons." *Id.* at *10. Therefore, the final step "presents a 'last opportunity'

7  to comply with the FDCPA." *Id.* Defendants' recording of the December Abstract similarly

8  presented it with a "last opportunity" to comply with the FDCPA.

9  　　　This situation is distinguishable from the authority that Defendants cite for the proposition

10  that new communications about an old claim cannot constitute a discrete FDCPA violation. *See e.g.*,

11  *Martin v. Sessoms & Rogers, P.A.*, No. 5:09-CV-480-D, 2010 WL 3200015, at *4 (E.D.N.C. Aug.

12  12, 2010). As the Court in *Norton* explained in a similar context distinguishing *Martin*, the case

13  there "explicitly refer[s] to communications (as opposed to legal actions) from the creditor about the

14  debt." *Norton v. LVNV Funding, LLC*, 396 F. Supp. 3d 901, 913–14 (N.D. Cal. 2019).[9] Rather in

15  *Norton*, the court found that the writ of execution at issue was not just "a 'communication' about the

16  debt," but rather constituted a "post-judgment collection action," which was a distinct FDCPA

17  violation. *Id.* at 915. Here, the Court finds that the recording of an abstract of judgment, which

18  effectively places a lien on real property, is sufficient to qualify as a new "last opportunity to

19  comply."[10] *See* Cal. Gov't. Code § 27297.5 ("Upon recordation of an abstract of judgment or other

20  document creating an involuntary lien affecting the title to real property…"); *see Brown*, 2023 WL

---

[8] The Court does not opine on whether a failure to act on its own could constitute an independent FDCPA violation at this time.

[9] The *Norton* court also questioned the viability of this *Martin* proposition as a whole, given that other Circuit courts have rejected it. *Id.* at n.4 (citing *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017), *Solomon v. HSBC Mortg. Corp.*, 395 F. Appx. 484, 497 (10th Cir. 2010), and *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 303 (6th Cir. 2008) to reflect decisions which have accepted that separate communications arising from collection of a single debt can constitute discrete FDCPA violations).

[10] Other courts have similarly held that "the act of placing a lien on a debtor's property is its own separate and discrete violation." *See Osinubepi-Alao v. Plainview Fin. Servs., Ltd.*, 44 F. Supp. 3d 84, 91 (D.D.C. 2014); *see also Fontell v. Hassett*, 870 F. Supp. 2d 395, 404 (D. Md. 2012) ("[I]t makes sense that the limitations period would begin at the time the lien was placed on Plaintiff's property, since this was the definitive action taken by Defendants that is alleged to constitute an abusive debt collection practice.").

1    4536970, at *10 (explaining that the *Naas* test "correctly places the onus on debt collectors to

2    analyze their actions to make sure they comply with the FDCPA").

3         Under the second factor of the *Naas* test, the Court considers whether there is a clear date of

4    violation. *Id.* at *7. There is a clear date for the recording of the December Abstract—December 15,

5    2021. Jones Exhibit 5. Accordingly, the Court finds that Defendants' subsequent recording of the

6    December Abstract is a discrete FDCPA violation, for which Jones has timely brought his claims.

7              ii.   Jones's RFDCPA claim is not time-barred.

8         The FDCPA's California counterpart, the RFDCPA, similarly has a one-year statute of

9    limitations. Cal. Civ. Code § 1788.30(f) ("Any action under this section may be brought . . . within

10   one year from the date of the occurrence of the violation."). However, unlike the FDCPA, California

11   courts have applied the continuing violations doctrine to the RFDCPA.[11] *See Komarova v. Nat'l*

12   *Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 343 (2009) (explaining that recovery is permitted

13   "for actions that take place outside the limitations period if these actions are sufficiently linked to

14   unlawful conduct within the limitations period"). Addressing litigation actions specifically, the

15   California Court of Appeals stated, "[u]se of judicial proceedings to collect a debt without service of

16   process will also be a continuing course of conduct insofar as the conduct involves multiple acts,

17   such as obtaining and collecting on a judgment, that extend over a period of time before the

18   proceedings are concluded." *Id.* at 344. The Court finds this instructive on Jones's RFDCPA claims.

19   *See Giles v. General Motors Acceptance Corp.*, 494 F.3d 685, 872 (9th Cir. 2007) (with regards to

20   application of state substantive law, where the California Supreme Court has not decided the issue,

21   "the task of the federal courts is to predict how the state high court would resolve it," which requires

22   "look[ing] for 'guidance' to decisions by intermediate appellate courts of the state"); *see also Huy*

23   *Thanh Vo. v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1087 (E.D. Cal. March 15, 2013) (applying

24   *Komarova* and finding that where the alleged acts constituted a continuing pattern and course of

25

26   _____

27   [11] The Court notes that Defendants do not distinguish between the FDCPA and RFDCPA in making their
     statute of limitations argument, instead making arguments surrounding the FDCPA claim and arguing that
28   Jones's RFDCPA claim rises and falls with his FPDCPA claim. Motion at 5. Meanwhile, Jones argues solely
     on a continuing violation theory for both his FDCPA and RFDCPA claims. Opposition at 11.

1  conduct, "then suit regarding the entire course of conduct is timely [under RFDPCA] if a complaint

2  is filed within one year of the most recent violation"). Under this test, the RFDCPA violations

3  alleged in the Complaint undoubtedly qualify as a continuing course of conduct.

4          Accordingly, the Court finds that Jones has timely brought his claims under RFDPCA.

5  **B.  Jones Has Adequately Pleaded that Defendants Are "Debt Collectors"**

6          Next, Defendants argue that Jones has not shown that Defendants are "debt collectors" under

7  the applicable FDCPA and RFDCPA statues. *See* 15 U.S.C.A. §1692a(6) (defining "debt collector" as

8  "any person who uses any instrumentality of interstate commerce or the mails in any business the principal

9  purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly

10  or indirectly, debts owed or due or asserted to be owed or due another"); Cal. Civ. Code § 1788.2(c)

11  (defining "debt collector" as "any person who, in the ordinary course of business, regularly, on

12  behalf of that person or others, engages in debt collection"). In general, at the pleadings stage, a

13  complaint only requires that a plaintiff allege "enough facts to state a claim to relief that is plausible

14  on its face." *Twombly*, 550 U.S. at 570. Jones has pleaded that Defendants Zee Law Group and

15  Collect Access, LLC are entities that are "engaged in the business of debt collection," that their

16  "principal purpose…is the collection of debts using the mail and telephone," and they "regularly

17  attempt to collect debts alleged to be due [to] another." Compl. ¶¶ 9–10. Jones has pleaded that

18  Defendant Zee is an attorney whose primary purpose "is the collection of debts using the mail and

19  telephone, and Zee "regularly attempts to collect debts alleged to be due [to] another." Compl. ¶

20  11.[12] The Complaint describes Defendants' actions in attempting to collect a debt against Jones,

21  making it reasonable to draw the inference that they are debt collectors. *See generally* Compl. [13] This

22  is sufficient.

23

24  _____

[12] The Court notes that to the extent Defendants are representing that they buy rights and interests to debts,

25  that would support the inference that they are debt collectors within the meaning of the applicable statutes.
   Motion at 2 ("All rights and interests to the Account were subsequently sold and assigned to Collect Access,

26  LLC for valuable consideration…"); ECF No. 34-5, Zee Exhibit B (Acknowledgement of Assignment of
   Judgment filed November 19, 2020).

27  [13] Defendants also seem to argue that Jones did not allege facts showing FCDPA violations. Motion at 7
   ("Separately, Plaintiffs failed to allege facts showing that Defendants engaged in activities that are prohibited

28  by the FCDPA."). However, the Court notes that the bulk of the Complaint is comprised of allegations
   regarding Defendants' actions that are allegedly in violation of the FDCPA. *See generally* Compl.

To the extent that Defendants are arguing that Defendants Zee and Zee Law Group cannot be debt collectors because they are an attorney and a law firm respectively, that is contrary to the law.[14] "The term 'debt collector' is not limited to formal debt collection agencies and can, for example, apply to a lawyer who regularly, through litigation, tries to enforce consumer debts." *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. Nov. 10, 2011) (citing *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). Meanwhile, under the RFDPCA, the Court notes that while the prior version of Cal. Civ. Code § 1788.2 expressly excluded an "attorney or counselor at law," the current version has no such exclusion, and the legislative history supports that the amendment was made with the intent to "remove the exception for an attorney or counselor at law from the definition of debt collector." 2019 CA S.B. 187 (NS) (October 7, 2019).

Accordingly, Jones has adequately pleaded that that Defendants are debt collectors within the meaning of FDCPA and RFDCPA.

### C.  Jones Has not Adequately Pleaded a UCL Claim

The Court finds that although Jones makes arguments in his opposition that may support a UCL claim at this time, these facts are not adequately pleaded in the Complaint. To bring a UCL claim, a plaintiff must first establish standing by: "(1) establish[ing] a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show[ing] that the economic injury was the result of, i.e., *caused by* the unfair business practice or false advertising that is the gravamen of the claim." *Lueras v. BAC Home Loans Serv., LP*, 221 Cal. App. 4th 49, 81 (2013) (*citing Kwikset Corp. v. Superior Ct.*, 41 Cal. 4th 310, 322 (2011)). "A UCL claim will survive a demurrer based on standing if the plaintiff can plead 'general factual allegations of injury resulting from the defendant's conduct.'" *Id.* (noting that the economic injury prong can be satisfied in "innumerable ways," including "diminishment of a present or future property interest").

---

[14] The Court notes that in their moving papers, Defendants only provide arguments as to why Defendants Zee and Zee Law Group, not Collect Access, LLC, are not debt collectors. Motion at 7. On reply, for the first time, Defendants make the conclusory statement that Collect Access, LLC is a "financial company." Reply at 6. However, this in no way forecloses that Collect Access, LLC is also a debt collection company, nor are such disputes of fact appropriate for resolution at this stage.

1    Here, it is not clear from the Complaint that there is an injury that gives Jones standing under

2    the UCL. Jones argues that although the State Action has been dismissed and the December Abstract

3    has been released, the Defendants currently have yet to release the October Abstract.[15] Opposition at

4    5. While a cloud on Jones's title from the recording of the October Abstract may be sufficient to

5    establish an injury in fact under the UCL, the Complaint fails to explicitly allege the status and effect

6    of the October Abstract. Jones has merely pleaded that the Judgment has been vacated, and the State

7    Action has been dismissed. Compl. ¶ 24. To the extent that a vacatur of the Judgment has any effect

8    on the October Abstract, this would be a necessary consideration in whether there has been an injury

9    to Jones. Accordingly, the Court will dismiss Jones's UCL claim with leave to amend.[16]

10    **D.  The Court Declines to Consider Arguments First Raised on Reply**

11    Defendants raise on reply, two new arguments: (1) that Jones has not shown that the

12    Judgment qualifies as a "debt" under the FDCPA or RFDCPA, and (2) that Jones cannot pursue

13    injunctive relief under the UCL. Reply at 7–9. There is no reason why Defendants could not have

14    raised these arguments in their initial Motion, and it is unclear why they did not. The Court does not

15    consider these arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district

16    court need not consider arguments raised for the first time in a reply brief.").

17    / / /

18    / / /

19    / / /

20    / / /

21

22    [15] The allegation that the October Abstract has not yet been released is not in the Complaint.

23    [16] If Jones can adequately plead an injury in fact from the recording of the October Abstract, the Court notes
that the second prong of the standing test, requiring a plaintiff to show the injury was "caused by" the
24    defendants would likely be satisfied, as it is undisputed that Defendants recorded it. Moreover, it appears to
the Court that should Jones be able to establish standing, he likely would be able to plead adequate unfair
25    conduct by Defendants within the meaning of the UCL. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d
1152, 1168 (9th Cir. 2012) (explaining that "unfair" conduct under the UCL is determined by the act's
26    "impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged
wrongdoer"). Here, taking the allegations in the Complaint as true—as this Court must on a motion to
27    dismiss—there does not appear to be any proper justification for adding allegedly fees and costs to a
judgment and then recording that judgment, which would cause significant harm to the victim. And, to the
28    extent there is a breach of FDCPA or RFDCPA, a UCL claim could also arise on that independent basis. *Id.* at
1168 ("Virtually any state, federal or local law can serve as the predicate for an action under section 17200.").

**SPECIAL MOTION TO STRIKE**

## I.    Applicable Law

California Code of Civil Procedure Section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). The statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1); *Kashian v. Harriman*, 120 Cal. Rptr. 2d 576, 578 (Ct. App. 2002). Federal courts give full effect to the Anti-SLAPP statute. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

Anti-SLAPP motions are subject to a two-step burden shifting test. First, the defendant must make a threshold showing that the challenged claim arises from an "act in furtherance of the defendant's rights of petition or free speech" within the meaning of California Code of Civil Procedure section 425.16(e). *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017); *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016). An "act in furtherance" includes, in part, "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Jordan-Benel*, 859 F.3d at 1188 (quoting Cal. Civ. Proc. Code § 425.16(e)(4)).

If the prima facie case is satisfied, the burden shifts to the plaintiff to establish a reasonable probability of prevailing on the merits of the challenged claim. *Id.*; *Park v. Bd. of Trs. of Cal. State Univ.*, 393 P.3d 905, 907 (Cal. 2017). This is a low burden. *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) ("In the anti-SLAPP context, 'probability' is a low bar."); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010) ("[T]he second step of the anti-SLAPP inquiry is often called the 'minimal merit' prong."). If the plaintiff cannot make this showing, the claim is stricken. *Jordan-Benel*, 859 F.3d at 1188–89.

Under the second step, federal courts must apply "different standards depending on the motion's basis." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828,

833 (9th Cir. 2018). A defendant's special motion to strike based on alleged deficiencies in a plaintiff's complaint is treated in the same manner as a motion under Rule 12(b)(6). *Id*. at 834.

## II.    **Defendants' Anti-SLAPP Motion to Strike Is Denied**

As Jones's claims arise largely, if not exclusively, in the context of the State Action, Defendants' actions qualify for protection from Section 425.16.[17] *See Bui v. Meriwest Credit Union*, 2013 WL 12126751, at *6 (C.D. Cal. Nov. 4, 2013) (citing state cases in noting that "the filing of a civil lawsuit is protected activity under the California anti-SLAPP statute").

Regardless, as the Court has found that Jones has adequately pleaded his first and second causes of action at this time under a Rule 12(b)(6) analysis (Sections II.A & II.B, *supra*), the Court also finds that Jones has established a reasonable probability of prevailing on these claims.[18] *See Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021) (reaffirming that a motion to strike which mounted a legal challenge to the complaint "must be treated in the same manner as a motion under Rule 12(b)(6)"); *see also Mello v. Great Seneca Financial Corp.*, 526 F. Supp. 2d 1024, 1030 (C.D. Cal. 2007) (denying anti-SLAPP motion where the plaintiff "demonstrated at least a minimal probability of prevailing on his claim"). Accordingly, the Special Motion to Strike is DENIED.

### **CONCLUSION**

For the reasons discussed herein, the Court hereby orders as follows:

1.   Defendants' Request for Judicial Notice is GRANTED;

2.   Plaintiff's Request for Judicial Notice is GRANTED;

3.   Defendants' Motion to Dismiss is GRANTED IN PART:

    a.   The Motion is DENIED as to Jones's first and second causes of action.

    b.   The Motion is GRANTED with leave to amend as to Jones's third cause of action.

---

[17] Jones cites *Rouse* for the proposition that Defendants' actions here are not protected, but in that case, "[t]he debt collection litigation Defendants pursued did not involve [the plaintiff]." *Rouse v. Law Offices of Rory Clark*, 465 F. Supp. 2d 1031, 1038 (S.D. Cal. 2006) (explaining that "[the plaintiff] was not a party to the litigation Defendants invoke to support their anti-SLAPP theory" and that the "default judgment [the defendants] obtained and recorded is not enforceable against [the plaintiff]"). Here, regardless of the validity of the State Action, it appears to the Court that Jones is the proper defendant in that proceeding.

[18] Defendants raise no new arguments in support of the Motion to Strike.

4.  Defendants' Anti-SLAPP Motion to Strike is DENIED.

   IT IS SO ORDERED.

Dated: August 24, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge