**THERESE HARRIS LAW OFFICES**
Therese S. Harris (SBN 246711)
2594 SHORELINE ROAD
BRADLEY, CA 93426
Telephone: (805) 369-2053
Facsimile: (805) 426-9375
Email: tharris@tharrislawoffice.com
Attorney for Plaintiff, **TERRY D. JONES**

**BAO LAW GROUP, PC**
Jeffrey Bao, Esq. (SBN 307346)
jeff@baolawgroup.com
1250 E. Acacia Street
Ontario, California 91761
Phone:  626.598.6570

Attorney for Defendants **COLLECT ACCESS, LLC, ZEE LAW GROUP, PC,** and **TAPPAN ZEE**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. JONES, an individual,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>TAPPAN ZEE, ZEE LAW GROUP, P.C. AND COLLECT ACCESS, LLC,<br><br>　　　　　　　Defendants. | Case No.: 22-8065-MEMF<br><br>**JOINT STATUS REPORT (RULE 26F)**<br><br><br>DATE: November 9, 2023<br>TIME: 10:00 a.m.<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

**TO THE COURT:**

　　　Counsel for Plaintiff Terry D. Jones ("Plaintiff") and Defendants Tappan Zee, Zee Law Group, PC, and Collect Access, LLC submit this Joint Report.  The positions

set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case. The parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

1. **STATEMENT OF THE CASE**

*Plaintiff's Statement of the Case*

On November 4, 2022, Jones filed suit in this Court against Zee Law Group, Tappan Zee, and Collect Access, LLC (collectively, "Defendants") alleging causes of action for: (1) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) Violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); and (3) Unfair Business Practices under the California Unfair Competition Law (the "UCL"). The UCL claim has been dismissed.

Jones alleges that the violations of the FDCPA stem from Defendants' failure to vacate the State Judgment after becoming aware that (1) Jones was not properly served with the Complaint or any of its subsequent renewals; (2) Defendants adding additional attorney fees to the Judgment when not allowed by statute or case law; (3) Defendants adding $30.00 for "Investigation Rpt fee" which is not a recoverable cost under C.C.P. §685.070(a); (4) Recording an Abstract of Judgment on July 12, 2021, where the amount was incorrect and overstated; (5) Recording an Abstract of Judgment on November 22, 2021, where the amount was incorrect and overstated; and (6) recording another Abstract of Judgment on December 15, 2021, after Defendants received notice that the judgment amount was incorrect and overstated and the judgment should be vacated due to the Jones never being served in the State Action.

At this time, Defendants do not anticipate adding any additional parties.

*Defendant's Statement of the Case*

Plaintiff Terry Jones is attempting to litigate claims relating to Tappan Zee, Zee Law Group and Collect Access, LLC's alleged actions in attempting to collect on a debt owed by Plaintiff in the matter entitled *A-L Financial Corp. v. Terry Dewayne Jones*, Los Angeles Superior County Court Case No. 12W0088 (the "State Action") filed by

Defendants' Assignor. Zee and Zee Law Group represent Collect Access, the assignee of A-L Financial Corp.'s suit for breach of written contract arising from JONES' breach of a written contract. On June 17, 2002, the Superior Court entered Default Judgment in favor of A-L Financial Corp. and against Plaintiff Jones which was eventually set aside.

Plaintiff's FDCPA and Rosenthal Act claims are based exclusively on allegations that Defendants sought to enforce the judgment and are time-barred with exception to Plaintiff's allegation that Defendants recorded an improper abstract on December 15, 2021 – Plaintiff filed this instant action on November 4, 2022. Defendant contends that the recording of the abstract did not violate the FDCPA nor Rosenthal Act and/or was a bona fide mistake.

Furthermore, Defendants allege that the underlying debt may not be subject to the FDCPA and Rosenthal Act.

At this time, Defendants do not anticipate adding any additional parties.

**2.      NUMBER OF DEPOSITIONS**

Plaintiff expects to depose Tappan Zee.

Defendants expect to depose Mr. Jones.

**3.      WRITTEN DISCOVERY SOUGHT**

Plaintiff expects to propound Interrogatories, Requests for Production and Requests for Admissions. These will be served after receipt of Defendants' initial disclosures. The nature and extent of Plaintiffs' written discovery will be on the violations of the FDCPA and Rosenthal FDCPA.

Defendants expect to propound interrogatories, requests for production and requests for admissions. These will be served after receipt of Mr. Jones's initial disclosures. The nature and extent of Defendants' written discovery will be on the alleged violations of the FDCPA and Rosenthal FDCPA.

**4.      DISCLOSURES**

Parties will make their initial disclosures no later than November 30, 2023 due to

the holidays.

The parties do not propose any changes as to the discovery limits contained in the Federal Rules of Civil Procedure.

The parties are unaware of any electronic discovery issues.

Depending upon discovery sought in this matter, the parties will assert whatever privileges and/or protections that may be needed. If warranted, the parties will meet and confer concerning entry of a stipulated protective order.

Proposed Discovery Cutoff Date September 30, 2024.

Proposed Expert Witness Disclosure Date: September 19, 2024.

Proposed Rebuttal Expert Witness Disclosure Date: September 30, 2024.

Proposed Expert Witness Discovery Cutoff Date: October 31, 2024.

Proposed Last Date for Hearing Dispositive Motions: November 11, 2024.

**5.     PROPOSED PRE-TRIAL CONFERENCE DATES**

Proposed Pre-Trial Conference Date: Sometime in November 2024

Proposed Trial Date: Sometime early December 2024

Parties estimate the length of trial at 2-3 days, depending upon the scope of the causes of action to be tried.

Trial counsel for Plaintiff: Therese S. Harris, Esq.

Trial counsel for Defendants: Jeffrey Bao, Esq.

The parties do not anticipate consenting to the appointment of a Magistrate Judge to conduct all proceedings.

**6.     DATE DEMAND FOR JURY WAS FILED**

Although Plaintiff demanded for a Jury Trial in his Complaint which was filed on November 4, 2022, Plaintiff will waive jury trial for Court trial.

Defendants Tappan Zee, Zee Law Group, PC, and Collect Access, LLC did not demand a jury trial.

**7.     PROSPECTS OF SETTLEMENT**

The Parties are agreeable to a settlement conference before the Magistrate Judge

and if necessary and appropriate, the Parties would be agreeable to private mediation.

At this early stage, the Parties cannot accurately gauge the prospects for settlement.

### 8. LIST OF CONTEMPLATED MOTIONS

Plaintiff anticipates filing a Motion for Summary Judgment on all causes of action.

Defendants anticipate seeking summary judgment on all causes of action. Defendants do not anticipate they will require much discovery for summary judgment on the causes of action related to the FDCPA and RFDCPA violations.

### 10. SETTLEMENT PROCEDURES

The Parties are agreeable to a settlement conference before the Magistrate Judge and if necessary and appropriate, the Parties would be agreeable to private mediation

### SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies & Procedures Manual, I hereby certify that the contents of this document are acceptable to Mr. Jeffrey Bao, counsel for Defendants, and that I have obtained his authorization to affix his electronic signature to the document.

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies & Procedures Manual, I hereby certify that the contents of this document are acceptable to Mrs. Therese S. Harris, counsel for Plaintiff, and that I have obtained his authorization to affix her electronic signature to the document.

Dated: October 26, 2022  By:  /s/
Therese S. Harris, Esq.
Attorney for Plaintiff Terry D. Jones

Dated: October 26, 2023  By:  /s/
Jeffrey Bao, Esq.
Attorney for Defendants

# CERTIFICATE OF SERVICE

I, Jeffrey Bao, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1250 E. Acacia Street, Ontario, California 91761.

On October 26, 2023, I served the following document(s) on the parties in the within action: **JOINT STATUS REPORT (RULE 26F)**

|   | |
|---|---|
|   | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at El Monte, California on this date, addressed as listed below. |
|   | **VIA E-MAIL:** I attached the above-described document(s) to an e-mail message, and invoked the send command at approximately _____ AM/PM to transmit the e-mail message to the person(s) at the e-mail address(es) listed below. |
| X | **VIA CM/ECF :** By transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system. |

Therese S. Harris, Esq.          Attorney For Plaintiff
Therese Harris Law Offices        TERRY D. JONES
2594 Shoreline Road
Bradley, CA 93426

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on October 26, 2023.

By _____
Jeffrey Bao

---

**CERTIFICATE OF SERVICE**                                              CASE NO.
                                                                        22-8065-MEMF